Good morning. My name is Todd Leventhal and I'm here on behalf of Mr. Jackson. The question here is whether the standard that was used, the preponderance of the evidence, was it utilized when Judge Mahan found that a gun sitting next to some pills equated to a four-level enhancement in which the gun was used in furtherance of a felony. And under Gonzales, this Court has said that the government relies on physical possession. It must show that there is some potential emboldening role. It went on in Roeston to say that it requires more than mere presence. Judge Mahan, when he looked at this to decide whether or not the preponderance of the evidence was there, he looked at basically a picture. Pardon me, Counsel. My note here says that you're quite right as to the quotation you made, but here Jackson did not object to the 2K2.1B6B enhancement on the ground that the gun had to play some role in the commission of the other felony. He didn't object to that sentencing. Isn't that waived? That's correct, Your Honor, and I don't rely, we don't rely on that argument. I merely present that argument because as the Court over and over has suggested, when you have a gun and drugs, you clearly have a toxic mix. So I'm not relying on it. What we're relying on, whether or not Jackson, it got over the hurdle of preponderance of the evidence that the drugs were in fact his and they were possessed in furtherance of holding the gun. That's my argument. But they have to be possessed in furtherance of holding the gun. I thought the gun has to be in furtherance of holding the gun. Yeah, you flipped it. Oh, I apologize. You just misspoke. I apologize. So you're really saying that there was no evidence upon which the judge could find that the drugs were his? Correct. They were in his house. Correct. They were in a small rug. Correct. They were in the same rug with his firearm, right? Correct. All right. Is that not circumstantial evidence that the drugs were his? It is, but I don't believe that that gets over the preponderance when you show that when the State invoked their clause to warrantless search him, they went to the phone. On the phone, they saw a text that says, we need to get rid of his gun. It didn't say we need to get rid of his gun and drugs. It's just his gun. When they go to the house, he admits that the gun is his, but he never admits that the drugs are his. He denies knowledge of the drugs. I have a question. I would have thought ordinarily when invokes it, there's been no conviction for the drugs. Is that right? No. Does anybody understand what felony we're talking about? Well, it's assumed that the felony would be possession of dangerous drugs, but, no, there was no conviction. Case law suggests that there does not need to be a conviction, so I did not argue whether a conviction is needed in order to get the four-level enhancement because case law is counter to that, Your Honor. But one would think, and so, in other words, the felony does not have to be proven by a beyond reasonable doubt as it would be if there was an actual conviction? Correct. It would be a preponderance of the evidence standard. As to whether there was a felony? Correct. Is there a case law that says that? I'm sorry? Is there a case law that says that? There is, Your Honor, and that's why we didn't argue that, because there's case law that suggests that, in fact, that if there's guns next to drugs, that that would be either possession or the court has said there's no point. Oh, I understand that, but you would think that at that point at least you have to prove that beyond a reasonable doubt, not by a preponderance, because felonies have to be proven beyond a reasonable doubt. That's not true? It is. It's generally – I mean, the case law says that you don't have to do that. I haven't looked into this. It just was a question in my mind. It is true, but I don't – and I'm not conceding this for the – I understand that the case law – you stand by the case law says it doesn't have to be a conviction, but does the case law also say that you only prove the felony by preponderance? That's correct. When the standard – the standard would be here is a preponderance standard in order to apply the four-level increase that we're talking about. Well, that's generally the case, but I wonder whether it's the case when you're trying to prove that there was a felony. Go ahead. In case law, again, that I've read says that it's either – and they never even said it. I understand you're not arguing it, so let's move on. All right. So taking in consideration all of the factors that go into whether or not Mr. Jackson had it, again, the phone did not suggest that he had drugs. The phone suggested he had a gun. When he went there, he admitted to the gun. He never admitted he denied knowledge of the drugs. At his change of plea, there was – because he pled straight up, there was a memorandum in support of which suggested the drugs were there, and he clearly denied it at that point, that the drugs were his. Here's my problem with your argument. It's just kind of a factual matter. He's convicted of being felon in possession, right? Correct. Felon in possession means he is in control of the weapon. That is to say, he doesn't have to have it in his hand, but he has to know where it is. He has to have access to it. He has to be able to control it in that sense. So the very conviction tells us he knew where his gun was wrapped up in the rug. So the only question is, is it a permissible thing for the judge to find that it is more probable than not that he also knew that there were drugs wrapped up in this same small rug? That's the question. Correct. And it's a plain error, right? I would – it's de novo. Actually, it was raised at the lower – at the district court. But it's still a clear error question. I'm sorry, not plain error. It's clear error. It's a factual finding. Right. Yeah. That's my problem. I mean, it's a small rug. I guess the size was specified, maybe the bathroom rug or something. Right. It was never specified. It was Judge Mahan inquired whether it was a 9 by 12 or a 4 by 15, and then finally a picture showed up. And he said, well, it seems like a bathroom rug size. Yeah. And the alternative is that he – well, I guess he didn't have to have put the gun there, but he just had to know it was there. So theoretically, somebody else could have wrapped the gun and the drugs up in the rug and could have told him, you know, the gun's in there, but not told him that the drugs were in there? Is that the theory? Well, theoretically, Your Honor, he admitted knowledge that he had the gun, but he never said, it's in the rug, I know where it's at. I mean, there were other people in the house. So it was never part of the record, and nor did he ever admit that he knew the gun was in the rug. What he said was he knew that that was his gun, and that's what he admitted to. And he denied from day one culpability for the drugs. I thought he said it wasn't his gun. It was somebody else's gun, but he knew where it was. I apologize. Sorry? I thought he said it wasn't his gun, but he knew where it was. No, he said it was his gun, but he never said that that's where it – when they did the search warrant, he was a Bloods, a Playboy Bloods, so the gang unit came in. They served the search warrant. They searched the garage, and lo and behold, they found in the rug the gun, and he said, that's my gun. But that's not my drugs from the minute that he went in. Again, we've got the photo, and the photo would suggest that, yes, it is a smaller rug, but I don't think that gets over the hurdle of preponderance standard. But in terms of what the government has, they have in the PSR report the fact that they indicate that these – it is believed to be ecstasy. Believed to be ecstasy. So the PSR does not even clearly state that this is ecstasy. But it goes on to increase the levels by now making it a this is ecstasy argument. I'm going to move on. The double counting argument, just because I'd like to reserve two minutes. You're already down to a minute and 40, so if you want to reserve, you might want to reserve now. I'll reserve now. Okay. William Reed for the United States. Your Honor, as Your Honor – Could you give your name again for the record? William Reed for the United States. As Your Honor previously alluded to, this is a matter that was vested within the province of the fact finder, in this case the district court judge, who determined by a preponderance standard, there's no dispute about the standard. Is it true that there was no finding or statement that he knew that the gun was in the rug as opposed to he knew it was his gun? I think that is correct, Your Honor. I think he admitted that he had – record 48, he admitted buying the gun. So why isn't there a problem? Because, I mean, we know that he says – the phone said something about, you know, we've got to do something with the gun, right? Yes, Your Honor. And after that, if someone else had just gone and put the gun in the rug and there were some drugs there, I mean, why would he know that? In other words, I was assuming that the record was that he knew that the gun was in the rug. But apparently it's not. He didn't necessarily know that the gun was in the rug. He just knew he wanted to get rid of it. He told somebody, his girlfriend or something, there was a problem, they've got to do something with this gun. But there's no evidence that he did anything with the gun, right? I think the evidence was in his plea colloquy. I'm looking at Excerpt of Record 48. And following the discovery of the firearm, you made a statement that you knew you were going to prison and that you had bought the firearm that the police had found. Is that correct? The defendant, correct. And the firearm was found in the rug in his garage next to his water heater. So that's the evidence that the district court had to consider when it had to answer the question whether or not Mr. Jackson possessed these pills in the rug in his garage next to his firearm. But Your Honor is correct. There was never any explicit admission that I knew the gun at that point was in a rug in my garage. Or that I put it there. That's correct, Your Honor. Now, felon in possession that he pled to tells us that he had some control over it. Is that right? May we infer from the fact that he's been convicted of felon in possession that he had knowledge of where it was or not? I think, Your Honor, he had constructive knowledge of its sufficient. I'm asking actual for the moment. May we infer that he had actual knowledge from the fact of the conviction? Yes, Your Honor. By his admission to the district court that he possessed it, yes, Your Honor. I would submit that is a correct analysis that he had actual knowledge of this firearm. He owned it. It was his gun. He could have and apparently did tell someone else to hide it essentially by saying we've got to do something with this gun. Yes, Your Honor. But that still doesn't get you to the point of him knowing where it was. And that is the circumstance. I mean, somebody had followed his directions and hid it, but. It is circumstantial evidence, Your Honor, that the district court certainly had the discretion. Circumstantial evidence of what? Of the fact that he was in control of it because he had somebody hide it, but that still doesn't mean he knew where it was. Well, again, I don't mean to repeat myself, but I still think the circumstantial evidence of the firearm being in his garage, he admitted buying it next to his water heater is sufficient evidence for the district court to have considered and is not clear. Would he possess it? I assume he would possess it for statutory purposes if he owned it and directed that it be put somewhere where the police couldn't find it. I assume that's enough possession. I would agree with Your Honor. Without saying where. Yes, Your Honor. Even though he himself does not know where it has been hidden. I think I agree with you. Yes, Your Honor. If that were the case, but again, being the circumstances in his garage next to the water heater. But the judge didn't find that he knew where it was, did he? Not explicitly. He found that by the defendant's admission that you admit that you were in constructive possession of the firearm at the time you were in possession, you had previously been convicted of a felony. He found that, Your Honor. I would submit that's sufficient circumstantial evidence that it was not clear error that the court found, not only through the defendant's admission that he possessed this firearm, but the drugs that were found in this very small, as the district court described it, bathroom rug. But that would all make perfect sense if there were a finding that he knew where the gun was or that he put it there. But without that, what does the size of the rug have to do with it? I'm sorry. Without that, what does the size of the rug have to do with it? Without a finding that he knew what was in the rug, the gun. The gun was in the rug. Yes, Your Honor. I understand. I'm sorry. It lends to the circumstantial, the circumstances. Had it been found, the pills found on a workbench or in a toolbox in the garage, it would be something altogether different. But it's concealed or wrapped up in a- Only somebody hid it in the rug. The question is, do we have any basis? And we know he wanted it hidden. But that doesn't, where's the connection between that and he knew where it was? When there was no finding. I mean, maybe if the judge had made a finding, it would be okay. But he didn't do it, you're telling me. I mean, I have to read the record more carefully because, as I say, I was assuming quite otherwise. Well- Just the circumstances, Your Honor. As I recall the record, what we get from Judge Mahan is an assumption without an explicit statement that he knew where the gun was. That is correct. Otherwise, Judge Mahan's reasoning doesn't make any sense. But that is, I think, a correct reading of Judge Mahan's finding, the factual finding. Yeah, I think Judge Berzon is quite right to hesitate on the ground that I don't think there's something explicit in what Judge Mahan said, a finding that he knew where the drug was. But his reasoning with respect to his knowledge about the drugs, I think, strongly implies that that's exactly what Judge Mahan had in his head, that he starts from the proposition that this defendant knew where the gun was. I agree with Your Honor. But it's a leap. We've got to fill in a blank there. A reasonable inference that I think the court- There was no prosecution on the drugs. Maybe that's why. There was no prosecution, criminal prosecution, on the drugs, yes, Your Honor. Maybe because it would have been hard to prove beyond a reasonable doubt? I don't want to concede that, Your Honor. I think the firearm offense swallowed up the de minimis amount of drugs. And I gather it's true that, and I haven't looked into this, that our case law says that the felony doesn't have to be either convicted or proven beyond a reasonable doubt? I believe the- Did anybody ever specify what the felony was here? It was not, but I- It's a violation of something or other? It is a felony under Nevada law to possess certain controlled substances. It's an E felony. I did- Was there a finding that there was some specific felony here? There was no finding by the district court, but I would submit this court can take judicial knowledge of that. And I was looking for the Nevada statute. It is NRS 453.336, unlawful possession, not for purpose of sale, and it lists the schedule of controlled substances that if an individual possesses them, it's a Category E felony. So I would submit this court, and the district court could have taken judicial knowledge of that. So it's mere possession? Yes, Your Honor. Before I can see that absolutely, at a minimum, at mere possession, it would have qualified. I don't know what evidence there was, but there may have been evidence of something beyond mere possession, but at a minimum, I would- And the amount doesn't make a difference? Pardon, Your Honor? The amount doesn't matter under Nevada law? There is an amount, and I don't think that this met the threshold for the, I believe, the trafficking amount. But there's no threshold on possession? I mean, it's a little peculiar to be finding a felony without anybody ever looking at the elements of the felony and finding out whether they were met. Was it contested by the defendant that possession of this amount of drugs was or was not a felony? Exactly, Your Honor. There was no dispute about that, and that was not raised, and had it been raised, the district court could have grappled with it. Okay. I see my time is evaporating. Unless there are any other questions, I'll be happy to answer, but I'll yield and submit it respectfully. Thank you. Thank you. I was going to move on unless you have some further questions regarding the- In terms of the double counting, my argument is pretty clear-cut. We saw no case law here in the Ninth Circuit. There is something out of the tenth, but this is an ex-felon in possession, thereby the felony being what he was on probation for. And that's why we consider that double counting in terms of he got two points while being on probation under that clause, as well as- Was he committing the crime while on probation, or was this crime counted as a prior? It was counted as both. For criminal history purposes. It was counted as both, Your Honor. It was counted as a prior, as well as being on probation at the same time, relating back to the drug salesman. So which were you complaining about? The fact that it's been double counted. The fact that this is relevant- It was only counted as he was a felon in possession, so the felony counted for purposes of the possession. But for purposes of the guidelines, was it counted as criminal history, or was it counted that he committed the crime while he was in possession, or both? It was counted as both. And that's the double counting- Except that it's different to have it count as criminal history and to count that you were still on probation for it. Correct. Well, it's different, but it's still double counting. It's still being twice getting points for the same crime. But it's not for the same crime. One is for the crime, and the other one is for committing a crime while you're still on probation. Well, one- But the crime of ex-felon possession necessitates the crime of having an ex-felon. And when- if the ex-felon was from five years ago and he wasn't on probation for it, or he was on probation for some other crime, then I would agree. But when he's got the criminal history two points- the criminal history three points, as well as being on probation at the time of this crime, that being the felony, which is what he's being charged with, then that's an additional two points, which is the same double counting standard that we see. That's all. And then relevant conduct, I would say that it would not be. Thank you. Thank you very much. In the case of United States v. Jackson, now submitted for decision.
judges: Fletcher, Berzon, Bea